IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 7, 2016

**STATE OF TENNESSEE v. ANTONIO CLIFTON**

**Appeal from the Criminal Court for Shelby County**
**Nos. 98-03191 & I99-00017    James C. Beasley, Jr., Judge**

---

**No. W2016-00176-CCA-R3-CD  -  Filed October 31, 2016**

---

The Appellant, Antonio Clifton, appeals as of right from the Shelby County Criminal Court's denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. The Appellant contends that the trial court erred in concluding that Rule 36.1 relief was not available because his illegal sentence had long ago expired. Following our review, we affirm the trial court's denial of the Appellant's Rule 36.1 motion.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Monica A. Timmerman, Memphis, Tennessee, for the appellant, Antonio Clifton.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Karen Cook, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Based upon the record before us, it appears that on March 17, 1998, the Appellant was indicted in case number 98-03191 for alternative counts of knowingly possessing 0.5 grams or more of cocaine with the intent to sell or deliver (offense date May 9, 1997), a Class B felony. See Tenn. Code Ann. § 39-17-417. The Appellant was released on bail for that offense on May 13, 1997. On October 26, 1998, the Appellant pled guilty to one count of Class C felony cocaine possession as a lesser-included offense and received a sentence of three years in the county workhouse. In the meantime, in September 1998, the Appellant was charged by criminal information in case number I99-00017 with

knowingly possessing cocaine with the intent to sell (offense date August 20, 1998).[1] The Appellant was released from jail on that offense on August 22, 1998. On March 2, 1999, the Appellant pled guilty to a Class C felony cocaine possession charge in case number I99-00017 and, in exchange, received a three-year county workhouse sentence to be served concurrently with the three-year sentence in case number 98-03191.

Sixteen years later, on March 10, 2015, the Appellant, incarcerated in a federal correctional facility, filed the instant motion pursuant to Tennessee Rule of Criminal Procedure 36.1. In his Rule 36.1 motion, the Appellant alleged that he had been released on bail for the May 9, 1997 offense when he committed the August 20, 1998 offense. Therefore, the Appellant concluded, the trial court's order of concurrent service for these offenses was illegal because his sentences were statutorily required to be served consecutively rather than concurrently.[2] See Tenn. Code Ann. § 40-20-111(b).

The trial court appointed counsel to represent the Appellant, and a brief hearing was held on the matter. The Appellant argued that, though his sentences had been fully served, Rule 36.1 applied and allowed correction of his illegal sentence at "any time."[3] The trial court took the matter under advisement, and on January 5, 2016, the trial court entered a written order denying the motion. Relying on our supreme court's opinions in State v. Brown, 479 S.W.3d 200 (Tenn. 2015), and State v. Wooden, 478 S.W.3d 585 (Tenn. 2015), the trial court concluded that the Appellant had failed to state a colorable claim for relief under Rule 36.1 because his sentences had expired.[4]

The Appellant now appeals to this court, contending that the trial court erred in denying his Rule 36.1 motion to correct an illegal sentence. The Appellant first acknowledges our supreme court's recent decision in Brown, but he then "argues that Brown is not dispositive of his case because illegal sentences, by their very nature, cannot expire." The State responds that the Appellant's motion failed to state a colorable claim because the illegal sentence had long ago expired.

A Rule 36.1 motion provides defendants with a remedy separate and distinct from habeas corpus or post-conviction relief. See State v. Jonathan T. Deal, No. E2013-

---

[1] The criminal information is somewhat ambiguous in that it references both marijuana and cocaine and does not include any amount of the substance allegedly possessed.

[2] The Appellant made two other claims therein that were not included in the amended Rule 36.1 motion filed by counsel.

[3] On July 1, 2016, Rule 36.1 was amended, replacing the original text of the rule in its entirety.

[4] The trial court also noted that Tennessee Code Annotated section 39-21-101(b) prohibited the Appellant from attacking his illegal sentence that resulted from a negotiated plea agreement.

02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. June 17, 2014). At the time the Appellant filed his motion, Rule 36.1 provided that either a defendant or the State could "at any time" seek the correction of an illegal sentence. Tenn. R. Crim. P. 36.1 (2013). The rule defined "illegal sentence" as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Id. "[A] sentence ordered to be served concurrently where statutorily required to be served consecutively" is an illegal sentence. Davis v. State, 313 S.W.3d 751, 759 (Tenn. 2010).

Regardless, Brown is clear that Rule 36.1 "does not authorize the correction of expired illegal sentences," and a motion may be dismissed "for failure to state a colorable claim if the alleged illegal sentence has expired." 479 S.W.3d at 211. Here, the Appellant conceded that his illegal sentence had expired but followed with a conclusory assertion that Brown did not apply to his case without further explanation. Once "the Tennessee Supreme Court has addressed an issue, its decision regarding that issue is binding on the lower courts," and we have "no authority to overrule or modify" our supreme court's opinions. Webb v. Nashville Area Habitat for Humanity, Inc., 346 S.W.3d 422, 430 (Tenn. 2011) (quoting Morris v. Grusin, No. W2009-00033-COA-R3-CV, 2009 WL 4931324, at *4 (Tenn. Ct. App. Dec. 22, 2009)) (internal quotation marks omitted). If the Appellant wishes to challenge the holding in Brown, he must seek review from our supreme court. Accordingly, we conclude that the trial court did not err in denying the Appellant's Rule 36.1 motion to correct an illegal sentence.

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-3-